Before the Third Division, May 24, 1965

No. 69317.—New York Merchandise Co., Inc. v. United States, protests 59/3788, etc. (Los Angeles).

Donlon, Judge: Counsel have submitted the protests recited in schedule A, attached to and made a part of this decision and of the judgment, on a stipulation reciting that the entry invoice items marked "T" and initialed by an examiner are the same in all material respects as the merchandise in W. Kay Company, Inc. v. United States, 53 Cust. Ct. 130, C.D. 2484, and that the entry invoice items marked "A" and initialed by an examiner are the same in all material respects as the merchandise in United States v. The Baltimore & Ohio

*R.R. Co. a/c United China & Glass Company*, 47 CCPA 1, C.A.D. 719. In those decisions, it was held that the cups and saucers of the protests were not dutiable as tableware under modified paragraph 212, as classified by the collector, but were dutiable as decorated chinaware, other than tableware, under paragraph 212 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade (T.D. 51802), or as modified by the Japanese Protocol to the General Agreement on Tariffs and Trade (T.D. 53865), effective September 10, 1955 (T.D. 53877), at the modified rate in effect on the date of entry, or withdrawal from warehouse, for consumption.

Accepting the stipulation as a statement of facts and on authority of the decisions cited, *supra*, we hold that the cups and saucers represented by the items marked with the letter "T" and with the letter "A" and initialed by an examiner on the invoices covered by the protests and entries recited in schedule A, are dutiable as decorated chinaware, other than tableware, not containing 25 per centum or more of calcined bone under paragraph 212 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade (T.D. 51802), or as modified by the Japanese Protocol to the General Agreement on Tariffs and Trade (T.D. 53865), effective September 10, 1955 (T.D. 53877), at the rate in effect on the date when the cups and saucers were entered, or withdrawn from warehouse, for consumption.

To the extent indicated, the protests are sustained. In all other respects and as to all other merchandise, the protests are overruled.

Judgment will be entered accordingly.